# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
May 23, 2018 Session

## CHRISTLE STANLEY ET AL v. FIDEL CASTRO SEGURA ET AL

**Appeal from the Circuit Court for Davidson County**
No. 13c2714  Kelvin D. Jones, Judge

_____

### No. M2014-02471-COA-R3-CV

_____

This is an uninsured motorist case.  Appellee State Farm Insurance Companies denied Appellants' uninsured motorist coverage after the uninsured motorist, defendant, discharged the claim in bankruptcy.  The trial court granted State Farm's Tennessee Rule of Civil Procedure 12.02(6) motion, finding that the policy language that State Farm was liable for "bodily injury an insured is legally entitled to collect from the [uninsured motorist]," relieved State Farm from providing coverage after the uninsured motorist discharged the claim in bankruptcy.  Because the order appealed is not final, we dismiss the appeal for lack of subject matter jurisdiction.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

KENNY ARMSTRONG, J., delivered the opinion of the court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Thomas J. Hendrickson, III, Nashville, Tennessee, for the appellants, Christle Stanley, and Lachrissa Stanley.

Gerald C. Wigger, Nashville, Tennessee, for the appellees, Fidel Castro Segura, and State Farm Insurance Companies.

### MEMORANDUM OPINION[1]

_____

[1] Rule 10 of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

The material facts are not in dispute. On or about July 4, 2012, Christle Stanley was driving her 2003 Nissan Altima, in which Lachrissa Stanley (together with Christle Stanley, the "Stanleys," or "Appellants") was a passenger. The Stanleys' vehicle was struck by a vehicle driven by Fidel Castro Segura, an uninsured motorist. At the time of the accident, Christle Stanley was insured by State Farm Insurance Companies ("State Farm," and together with Mr. Segura, "Appellees"). As is relevant to the instant appeal, the insurance policy at issue provides compensatory coverage for "bodily injury an insured is legally entitled to collect from the owner or driver of an uninsured motor vehicle."

On July 3, 2013, the Stanleys filed an action against "John Doe #1 and John Doe #2." The Stanleys served State Farm as uninsured motorist carrier. State Farm identified the driver of the offending vehicle as Mr. Segura. Thereafter, on October 18, 2013, the Stanleys filed an amended complaint to name Mr. Segura as the sole defendant.

On April 10, 2014, Mr. Segura filed for chapter 7 bankruptcy in the United States Bankruptcy Court for the Middle District of Tennessee. Appellants were named as a creditor, holding an unsecured, nonpriority claim for a "lawsuit arising out of a motor vehicle the debtor used to own, disputed claim." On July 14, 2014, the bankruptcy court granted Mr. Segura a discharge, which included Appellants' claim.

On September 15, 2014, State Farm filed a Tennessee Rule of Civil Procedure 12.02(6) motion or, in the alternative, a motion for summary judgment. The crux of State Farm's argument was that Christle Stanley's insurance policy relieved State Farm from having to pay uninsured motorist coverage because, after Appellants' claim was discharged in Mr. Segura's bankruptcy, Christle Stanley was no longer "legally entitled to collect from [Mr. Segura,]" *see supra*. Following a hearing, the trial court entered an order on November 10, 2014, denying State Farm's motion for summary judgment but granting its motion to dismiss. The Stanleys appealed.

On review, this Court determined that the November 10, 2014 order was not a "final order" as it dismissed the "unnamed defendants" but did not adjudicate Mr. Segura, or otherwise dismiss him from the lawsuit. On February 25, 2015, this Court entered an order, stating, in relevant part:

> [T]he trial court has not yet entered a final judgment because Plaintiff's claims against Fidel Castro Segura remain pending. An order that adjudicates fewer than all the claims between all the parties is subject to revision at any time before the entry of a final judgment and is not appealable as of right. Tenn. R. App. P. 3(a); *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003). A notice of appeal filed before entry of a final judgment is considered premature and shall be treated as filed as of

the date the trial court enters final judgment. Tenn. R. App. P. 4(d). Accordingly, the time limits provided by Tenn. R. App. P. 24(b), (c), and (d) have not yet started to run.

It is, therefore, ordered that the relevant time periods provided by Tenn. R. App. P. 24 shall begin to run once the trial court enters a final judgment and the notice of appeal becomes effective.

This Court stayed the appeal, pending entry of a final judgment in the trial court. After remand, the case languished and remained ostensibly dormant until 2017. On February 17, 2017, State Farm filed a motion to compel dismissal of Fidel Castro Segura, with the intent of bringing the remaining claims to a close so that the appeal to this Court could move forward. On July 3, 2017, the trial court denied State Farm's motion. On September 7, 2017, Appellants filed a "Motion for Determination and Direction of Final Judgment Against Unnamed Defendant State Farm," wherein they specifically requested that the trial court "determine and direct the November 10, 2014 Order to be a Final Order as to Unnamed Defendant State Farm, which would procedurally allow the Appeal of that Order to move forward." On September 18, 2017, State Farm filed a response to Appellants' motion for determination and direction of final judgment, suggesting that "[t]he appropriate and logical course of action would be for [Appellants] to voluntarily dismiss Mr. Segura which would allow [Appellants'] appeal to move forward." On September 28, 2017, the trial court entered an order, which states, in its entirety:

**ORDER**

This matter came on to be heard on the 22nd day of September, 2017, before the honorable Kelvin Jones, Eighth Circuit Court of Davidson County, Tennessee, on Plaintiff's Motion for Determination and Direction of Final Judgment against Unnamed Defendant State Farm. After statements of counsel and a review of the record in its entirety, the Court finds the following:
1. That the Plaintiff's Motion for Determination and Direction of Final Judgment against Unnamed Defendant State Farm is GRANTED.

WHEREFORE IT IS **ORDERED, ADJUDGED AND DECREED** that this cause be granted.

Appellants' issues notwithstanding, we must first determine whether this court has jurisdiction to adjudicate the appeal. Tenn. R. App. P. 13(b) ("The appellate court shall also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review"). Rule 3(a) of the Tennessee Rules of Appellate Procedure defines an appeal as of right from a final judgment as follows:

In civil actions every final judgment entered by a trial court from which an appeal lies to the Supreme Court or Court of Appeals is appealable as of

- 3 -

right. Except as otherwise permitted in rule 9 and in Rule 54.02 Tennessee Rules of Civil Procedure, if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable and is subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of all parties.

Tenn. R. App. P. 3(a). The parties have not filed an application for an interlocutory appeal, and the order appealed from the trial court was not made final pursuant to Rule 54.02 of the Tennessee Rules of Civil Procedure. Consequently, we must determine if the order appealed was a final judgment.

A final judgment is "one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). Any trial court order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable as of right. *State ex rel. Garrison v. Scobey*, No. W2007-02367-COA-R3-JV, 2008 WL 4648359, at *5 (Tenn. Ct. App. Oct.22, 2008). If the order appealed is not a final judgment, this Court does not have subject matter jurisdiction to adjudicate the appeal. *Henderson*, 121 S.W.3d at 645.

As set out in context above, in our February 25, 2015 order, this Court stated that the order appealed was not final "because the plaintiff's claims against Fidel Castro Segura remain pending." The order entered by the trial court on September 28, 2017, *supra*, does not adjudicate Mr. Segura. Accordingly, the order is still not final and appealable so as to confer subject matter jurisdiction on this Court under Tennessee Rule of Appellate Procedure 3(a).

For the foregoing reasons, we dismiss the appeal. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellants, Christle Stanley, Lachrissa Stanley, and their surety, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE